IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-00608-NYW-MEH

GARY BALDWIN,

    Plaintiff,

v.

STEPHEN PEDREGON,
PURNA SIWAKOTI,
DANIEL MCCANN,
EARL SIMS,
CHRISTOPHER WARREN,
DANIEL WILLIAMS,
ALEXANDER YOUNG,
SGT. CASIAS,
DEMELLO DONALD,
ELIAS DIGGINS,[1] and
NURSE SELINA,

    Defendants.

## MINUTE ORDER

**Entered by Judge Nina Y. Wang**

    This matter is before the Court on several motions filed by Plaintiff Gary Baldwin ("Plaintiff" or "Mr. Baldwin") that warrant summary disposition. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").[2]

---

[1] The Clerk of Court is **DIRECTED** to update the docket to reflect the proper spelling of Defendant Elias Diggins's name. *See* [Doc. 46 at 1].

[2] Mr. Baldwin proceeds pro se. The Court therefore affords his filings a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That said, it is not this Court's function "to assume the role of advocate for the pro se litigant." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Plaintiff's pro se status does not exempt him from complying with the procedural and substantive rules that govern all claims. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

First, on April 12, 2024, Plaintiff filed a "Motion for a Martenez Hearing and Motion for Leave to Amend 1983 Petition." [Doc. 64]. This Court referred the filing to the Honorable Michael E. Hegarty. [Doc. 65]. Then, on April 18, 2024, Plaintiff filed a "Motion for a Martenez Hearing and Motion for Leave to Amend 1983 Petition." [Doc. 69]. These two filings are substantively identical. *Compare* [Doc. 64], *with* [Doc. 69]. Accordingly, the second "Motion for a Martenez Hearing and Motion for Leave to Amend 1983 Petition," [Doc. 69], is **DENIED** as duplicative. The first "Motion for a Martenez Hearing and Motion for Leave to Amend 1983 Petition," [Doc. 64], remains pending before Judge Hegarty.

Next, Plaintiff has filed two documents titled "Motiton for Preventive Injunctive Relief." *See* [Doc. 67; Doc. 68]. These filings are identical, except that the second "Motiton for Preventive Injunctive Relief" includes additional pages of exhibits. *Compare* [Doc. 67], *with* [Doc. 68]. For that reason, the Court **DENIES as moot** the first "Motiton for Preventive Injunctive Relief," [Doc. 67], in light of the second "Motiton for Preventive Injunctive Relief," [Doc. 68].

Turning to the second "Motiton for Preventive Injunctive Relief," [Doc. 68], Plaintiff requests that this Court "order the restitution of the petitioner[3] be suspended, and all collected restitution be placed back on the petitioners D.O.C. account, due to the hospital bill being a result of the excessive force of the defendants in question," [*id.* at 1]. He contends that a Colorado state court has ordered that he pay restitution in violation of his Eighth Amendment rights, and he requests "preventive injunctive relief." [*Id.* at 2]. Plaintiff cites a 1951 case that involves injunctive relief but does not otherwise present legal argument. *See* [*id.* at 3 (citing *City & Cnty. of Denver v. Denver Tramway Corp.*, 187 F.2d 410, 416–17 (10th Cir. 1951))].

To succeed on a motion for a preliminary injunction under Federal Rule of Civil Procedure 65, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Chem. Weapons Working Grp., Inc. (CWWG) v. U.S. Dep't of the Army*, 111 F.3d 1485, 1489 (10th Cir. 1997) (quotation omitted).

While Plaintiff explains the kind of relief he requests, *see, e.g.*, [Doc. 68 at 2 ("This preventive injunctive relief would prevent the petitioner from further loss regarding restitution being collected.")], he does not discuss the factors required for preliminary injunctive relief or explain why they are satisfied here, *see generally* [*id.*]. Even though Plaintiff proceeds pro se, his failure to address these factors is sufficient to warrant denial of Plaintiff's motion. *See, e.g.*, *Nagim v. Walker*, No. 10-cv-02973-WYD-KLM, 2011 WL 1542460, at *2 (D. Colo. Mar. 8, 2011) ("Given that Plaintiff has failed to allege irreparable injury, injunctive relief is subject to denial on this basis alone."), *report and recommendation adopted*, 2011 WL 1542157 (D. Colo. Apr. 25, 2011). However, even if the Court attempted to parse the merits, it appears that Mr. Baldwin seeks to avoid a

---

[3] Plaintiff refers to himself as the "petitioner."

*monetary* obligation.  *See* [Doc. 68 at 3 ("This motion is to prevent the collection and losses of restitution.")].  Assuming the relief requested falls within the Court's authority and this action's scope, it is "well settled that simple economic loss usually does not, in and of itself, constitute irreparable harm," because "such losses are compensable by monetary damages."  *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).  The second "Motiton for Preventive Injunctive Relief," [Doc. 68], is respectfully **DENIED without prejudice**.

      Accordingly, **IT IS ORDERED** that:

(1)     The Motion for a Martenez Hearing and Motion for Leave to Amend 1983 Petition [Doc. 69] is **DENIED** as duplicative;

(2)     The Motion for Preventive Injunctive Relief [Doc. 67] is **DENIED as moot**;

(3)     The Motion for Preventive Injunctive Relief [Doc. 68] is **DENIED without prejudice**;

(4)     Plaintiff is **ADVISED** that, generally, he need not file court documents more than once; and

(5)     The Clerk of Court is **DIRECTED** to mail a copy of this Order to:

Gary Baldwin
#193046
Fremont Correctional Facility
P.O. Box. 999
Cañon City, CO 81215-0999

DATED:  April 24, 2024

3