**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-00608-NYW-TPO

GARY BALDWIN,

    Plaintiff,

v.

STEPHEN PEDREGON,
JAMES CASIAS,
PURNA SIWAKOTI,
DANIEL MCCANN,
EARL SIMS,
CHRISTOPHER WARREN,
DANIEL WILLIAMS,
ALEXANDER YOUNG,
ELIAS DIGGINS,
DEMELLO DONALD,
CELINA GARCIA,
LAURA MULLIN, and
MARTIN EGELHOFF,

    Defendants.

---

### ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Timothy P. O'Hara issued on February 20, 2025. [Doc. 102]. Judge O'Hara recommends granting two motions to dismiss (together, "Motions"): (1) Defendant Warren's Motion to Dismiss as to Plaintiff's Amended Complaint, [Doc. 83]; and (2) the Motion to Dismiss Plaintiff's Amended Complaint, [Doc. 84], filed by Defendants Stephen Pedregon, Purna Siwakoti, Daniel McCann, Earl Sims, Alexander Young, Daniel Williams, Demello Donald, James Casias, and Elias Diggins.

Judge O'Hara recommends dismissal of all claims in Plaintiff's Third Amended

Complaint, [Doc. 77],[1] primarily for failure to state a claim under Rule 12(b)(6), *see* [Doc. 102 at 29–30]. He recommends that the Court dismiss Plaintiff's excessive force and failure-to-intervene claims without prejudice and grant Plaintiff leave to amend as to those claims. [*Id.* at 29]. With respect to Plaintiff's remaining claims, Judge O'Hara recommends dismissal with prejudice. [*Id.* at 29–30]. Those claims include: (1) any claim brought under the Fourth Amendment; (2) any claim based on Colo. Rev. Stat. § 18-1-707 (2024); (3) any failure-to-train or failure-to-investigate claim; (4) any official capacity claims or claim against the City and County of Denver; (5) any claim brought under the Eighth Amendment; and (6) any claims against Defendants Diggins, Mullin, Egelhoff, and Garcia. [*Id.*].

The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the Parties. [*Id*. at 29 n.2]; *see also* 28 U.S.C. § 636(b)(1)(C). Defendants have objected only to Judge O'Hara's recommendation that Plaintiff's excessive force and failure-to-intervene claims be dismissed without prejudice and that Plaintiff be given leave to amend. *See* [Doc. 104]. On March 20, 2025—two weeks after the initial deadline for objections—Plaintiff filed an "Objection to Defendants Motion to Dismiss with Prejudice."[2] [Doc. 106]. In that filing, Plaintiff stated that he "never received" a "notice of the magistrate judge's recommendation" and did not learn of the Recommendation until March 9, 2025, when he received Defendants' objections. [*Id.* at 1]. That same day, the Court extended the deadline for Plaintiff to object to the

---

[1] The Recommendation references the operative pleading as the Fourth Amended Complaint. *See, e.g.*, [Doc. 102 at 2]. For the reasons discussed below, the Court finds that the operative pleading is Plaintiff's Third Amended Complaint. *See infra* Part I.B.

[2] Consistent with the principle of construing a pro se litigant's filings liberally, the Court quotes Plaintiff's filings without the use of [sic] or any correction of spelling or syntax.

2

Recommendation to April 4, 2025. [Doc. 107]. On April 15, 2025, Plaintiff filed a document titled "Plaintiffs' Reply in Support of his Objection to Defendants Motion to Dismiss With Prejudice . . . The Plaintiff is Also Requesting the Record of Amended Petitions Be Corrected." [Doc. 109].

## LEGAL STANDARDS

### I.   Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

### II.   Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

### III.  Pro Se Filings

Because Plaintiff proceeds pro se, his filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## ANALYSIS

### I.  Plaintiff's Filing

Mr. Baldwin asks the Court to accept and adopt Judge O'Hara's Recommendation "with the exception of two claims being dismissed with prejudice."  [Doc. 109 at 1]. Defendants did not respond to Plaintiff's objections.

#### A.  Dismissal With Prejudice

Plaintiff explains that he agrees with the Recommendation "with the exception of two issues."  [*Id.* at 2].  First, he references a "failure to notify the plaintiffs family concerning the use of deadly force," asserting that "while [he] was in custody defendants obtained the plaintiffs personal information i.e. birthdate, social security number, emergency contact all listed in the plaintiffs booking history via (morpho scanner) this is common sense and a due process violation of the 14th amendment."  [*Id.*].

In his Third Amended Complaint, Plaintiff alleges that Deputy Sergeant James

4

Casias failed to notify Plaintiff's family "of the excessive force used or the injury's the plaintiff sustained while in Denver sheriff's detention center custody." [Doc. 77 at 14]. Plaintiff alleges Defendant Casias instead "committed fraud and lied about the degree of force used against the plaintiff," which Plaintiff says violated his rights under the Fourteenth Amendment. [*Id.*]. Plaintiff also asserts that the failure to notify constituted a violation of Colo. Rev. Stat. § 18-1-707. [*Id.* at 13]. In his Recommendation, Judge O'Hara concludes that if Plaintiff is attempting to assert a claim under § 18-1-707, he cannot do so because (1) "Plaintiff offers no legal argument for how that provision creates a private cause of action" and (2) even if there were a private right of action under the statute, "Plaintiff does not plead a plausible violation of it." [Doc. 102 at 23]. Judge O'Hara then states "[f]or those reasons as well as the legal argument raised at pp. 10–11 of the Motion to Dismiss at ECF 84, this Court recommends that this claim be dismissed." [*Id.*]. The Court observes that the argument referenced by Judge O'Hara asserts that the failure to notify cannot support a viable Fourteenth Amendment substantive due process claim. *See* [Doc. 84 at 10–11].

Beyond asserting that it is "common sense" that the failure to notify Plaintiff's family of the force used on Plaintiff constitutes "a due process violation of the 14th amendment" and that this claim should be dismissed *without* prejudice, [Doc. 109 at 2], Plaintiff offers no explanation for why Judge O'Hara's recommendation on this claim is erroneous. This objection is therefore insufficient under Rule 72. *See Jones v. United States*, No. 22-cv-02854-PAB-MDB, 2024 WL 358098, at *3 (D. Colo. Jan. 31, 2024) ("[The] objection disputes only the correctness of the recommendation and does not point to specific errors made by [the magistrate judge]. [The] objection is therefore insufficient."). Indeed,

5

Plaintiff does not even identify whether the alleged failure to notify would be a procedural due process violation or a substantive due process violation, let alone set forth the legal standards for either type of claim or explain how his allegations are sufficient to state a plausible claim under those standards. *See Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000) ("Procedural due process ensures the state will not deprive a party of property without engaging fair procedures to reach a decision, while substantive due process ensures the state will not deprive a party of property for an arbitrary reason regardless of the procedures used to reach that decision.").[3]  Nor does Plaintiff explain what allegations he could add in an amended pleading that would be sufficient to state a plausible due process claim. *See* [Doc. 109 at 2]. And finally, the Court is respectfully unconvinced that any failure to notify *Plaintiff's family* of the force used against Plaintiff would amount to a violation of *Plaintiff's* due process rights. Because Plaintiff has not articulated any error in Judge O'Hara's recommendation and implicit ruling that Plaintiff did not state a due process claim on this basis, this objection is respectfully **OVERRULED**.

---

[3] "To determine whether a plaintiff has been deprived of procedural due process, courts ask two questions:  (1) Did the plaintiff possess a protected property or liberty interest to which due process protections apply? And if so, (2) was the plaintiff afforded an appropriate level of process?" *Martin Marietta Materials, Inc. v. Kan. Dep't of Transp.*, 810 F.3d 1161, 1172 (10th Cir. 2016).  Plaintiff has not identified a property or liberty interest he was deprived of due to the alleged failure to notify his family of the force used against him.  As for substantive due process, "the Supreme Court recognizes two types of substantive due process claims:  (1) claims that the government has infringed a 'fundamental' right, . . . and (2) claims that government action deprived a person of life, liberty, or property in a manner so arbitrary it shocks the judicial conscience." *Doe v. Woodard*, 912 F.3d 1278, 1300 (10th Cir. 2019) (first citing *Washington v. Glucksberg*, 521 U.S. 702, 721–22 (1997), and then citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).  Plaintiff does not explain what type of substantive due process claim he attempts to bring, if any, or raise any arguments under either of these standards.

Next, Mr. Baldwin challenges Judge O'Hara's recommendation that Plaintiff's Fourth Amendment claim based on Plaintiff "not receiving a detached determination of probable cause in a timely manner" be dismissed with prejudice. [*Id.*]. In his discussion of Plaintiff's Fourth Amendment claims, Judge O'Hara observes that Plaintiff does not allege in his Third Amended Complaint "that he was in custody without probable cause" and "does not explain which of the named Defendants, none of whom arrested him, was responsible for securing a probable cause determination." [Doc. 102 at 11]. Judge O'Hara concludes that "although Plaintiff alleges that he was arrested without a warrant, he does not go so far as to assert a false arrest claim." [*Id.*]. He goes on to recognize that insofar as Plaintiff tried to include new factual allegations in his Response to support a false arrest claim, it "is now too late . . . to add a new cause of action for false arrest." [*Id.* at 11 n.2]. In his objections, Plaintiff argues:

> the court should dismiss [this claim] without prejudice and grant leave to amend due to the fact this falls under the protection of the 4th amendment the defendant has argued this claim as an illegal arrest (ECF) 24 in the introduction pg.2 council understood the allegation as an arrest without probable cause.

[Doc. 109 at 2].

To the extent Plaintiff directs the Court back to his Second Amended Complaint and attempts to argue that opposing counsel or Judge O'Hara should have relied on the allegations in that pleading to support his Fourth Amendment claim or recognize a Fourth Amendment false arrest claim, the Court is respectfully unpersuaded by this argument. "It is well established that an amended complaint ordinarily supersedes [any prior pleading] and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (quotation omitted). "An Amended Complaint is not simply an

7

addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the Amended Complaint are no longer before the court." *McKnight v. Douglas Cnty. Corr. Facility*, No. 21-cv-03030-SAC, 2021 WL 2634431, at *3 n.1 (D. Kan. June 25, 2021); *see also Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998) ("If certain facts or admissions from the original complaint become *functus officio*, they cannot be considered by the court on a motion to dismiss the amended complaint. A court cannot resuscitate these facts when assessing whether the amended complaint states a viable claim."). Therefore, Judge O'Hara did not err by focusing on the allegations in the Third Amended Complaint, which was the pleading the Motions to Dismiss were directed to. Plaintiff has not identified any error in Judge O'Hara's recommendation that this claim be dismissed with prejudice, and this objection is respectfully **OVERRULED**.

### B. Request to Amend Record

In his filing, Mr. Baldwin also asks the Court (or the Clerk of Court) to "amend the record of petitons concerning the two petitons from Feemont Correctional Facility that reflect the same signature and date." [Doc. 109 at 5 (emphasis omitted)]. Plaintiff asserts that the pleadings docketed as his Second Amended Complaint, [Doc. 20], and his Third Amended Complaint, [Doc. 24], are the same document that was inadvertently docketed twice, *see* [Doc. 109 at 3, 5].

Plaintiff is correct that these two pleadings are identical. Accordingly, the Court clarifies for the record that the pleading docketed at [Doc. 24] is duplicative of the pleading docketed at [Doc. 20]. However, this correction does not change the Court's analysis on Judge O'Hara's Recommendation or the Parties' objections thereto. In light of the Court's

8

clarification, no amendment of the record is required.

## II. Defendants' Objections

Defendants object to both Judge O'Hara's recommendation that Plaintiff's excessive force and failure-to-intervene claims be dismissed *without* prejudice, and the recommendation that Plaintiff be given leave to amend within 21 days of this Court's ruling on the Recommendation. [Doc. 104].

### A. Dismissal Without Prejudice

First, Defendants argue that Plaintiff's claims should be dismissed with prejudice because "Plaintiff has already been given multiple opportunities to amend his claims to attempt to cure deficiencies identified by the Court and Defendants, but he has failed to do so." [*Id.* at 7]. Defendants are correct that a plaintiff's failure to state a claim after multiple opportunities to amend weighs in favor of a dismissal with prejudice. *See Harvey v. Martinez*, No. 22-cv-00369-NYW-TPO, 2024 WL 5086080, at *4 n.5 (D. Colo. Dec. 12, 2024). "But ordinarily the dismissal of a pro se claim under Rule 12(b)(6) should be without prejudice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (citation omitted). The inquiry is not only whether Plaintiff has failed to cure deficiencies in his prior pleading, but also whether granting leave to amend would be futile. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) ("Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."). Whether the Court has addressed the merits of a plaintiff's claims is relevant to the futility analysis, because "a careful judge will explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint." *Gee,* 627 F.3d

9

at 1186.

The Court respectfully concurs with Judge O'Hara that dismissal without prejudice is appropriate for Plaintiff's excessive force and failure-to-train claims. Judge O'Hara notes that "Plaintiff provides very little information to describe the context in which the use of force happened." [Doc. 102 at 15]. "Plaintiff does come close to pleading a situation that plausibly could meet the definition of unconstitutional excessive force," but he fails to plausibly state a claim due in part to the lack of detail regarding why the force was required and whether the force continued past the period when it was reasonable. *See* [*id.* at 20]. Because Plaintiff could potentially fill in those gaps with details that make out a plausible claim for excessive force, amendment would not necessarily be futile. And although Judge Prose and Judge Hegarty both advised Mr. Baldwin of the general importance of pleading his claims with specificity, [Doc. 14 at 3–4, 6–7; Doc. 104-1 at 11:11–12:13], Judge O'Hara is correct that this is the first time a judge has provided a written analysis on the merits of Plaintiff's claims, [Doc. 102 at 20–21]. Finally, as Judge O'Hara points out, the failure-to-intervene claim depends on the reasonableness of the underlying use of force. [*Id.* at 21–22 (citing *Erickson v. City of Lakewood*, 489 F. Supp. 3d 1192, 1200 (D. Colo. 2020))]. The Court therefore agrees that, because amendment would not necessarily be futile with respect to the excessive force claim, the same result should apply to the failure-to-intervene claim. Having found that amendment of these claims would not be futile, the Court respectfully **OVERRULES** this portion of Defendants' objections and **ADOPTS** the recommendation that Plaintiff's excessive force and failure-to-intervene claims be dismissed without prejudice.

### B.   Leave to Amend

Judge O'Hara also recommends that "Plaintiff be given twenty-one days from the date of the final ruling on this Recommendation to file a [Fourth] Amended Complaint." [*Id.* at 30].  Defendants object that "Plaintiff has not timely sought leave to amend."  [Doc. 104 at 8].  Defendants also argue that "leave to amend is not warranted based on Plaintiff's undue delay, repeated failure to cure deficiencies in amendments previously allowed, and undue prejudice to Defendants."  [*Id.*].

The Court need not address whether leave to amend is "warranted" because Plaintiff has not requested leave to amend and the Court respectfully declines to sua sponte grant leave to amend.  In the absence of a formal request to amend, the district court may dismiss an action rather than grant sua sponte leave to amend.  *See Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1236 (10th Cir. 2020) (citations omitted) ("When a party faces a motion to dismiss and it believes that it can overcome objections with an amendment to the pleading, it should seek leave to amend at that time.  Efficient adjudication of disputes requires that the party present its best effort to state a claim before the court addresses the motion to dismiss."); *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999) ("[A] court need not grant leave to amend when a party fails to file a formal motion.").

Despite filing a motion for leave to amend during the pendency of Defendants' initial motions to dismiss, *see* [Doc. 64], Plaintiff has not formally sought leave to amend since Defendants filed the instant Motions.  And although Plaintiff suggests in his most recent filing that he should be granted leave to amend, *see* [Doc. 109 at 4], his arguments do not convince the Court that sua sponte granting leave to amend is the appropriate

11

course of action in this case. After more than two years of litigation and multiple attempts for Plaintiff to state plausible claims for relief, *see* [Doc. 1; Doc. 6; Doc. 20; Doc. 77], the Court is mindful of the principle that all litigation must eventually end, *see Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citing *Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469–70 (5th Cir. 1967)). Without a motion from Plaintiff describing why leave to amend is appropriate and what factual allegations Plaintiff could present to state a plausible claim, the Court will not supply a reason for him. *See Serna v. Denver Police Dep't*, 58 F.4th 1167, 1172 (10th Cir. 2023) (affirming district court's denial of leave to amend where pro se plaintiff "did not identify with specificity what the basis for [any proposed new] claims would be" and "never separately filed a motion with a proposed amended complaint adding those claims, as required by Federal Rule of Civil Procedure 15(a)(2) and District of Colorado Rule 15.1(b)"); *Tivis v. Huffman*, No. 10-cv-00638-PAB, 2010 WL 5463390, at *1–2 (D. Colo. Dec. 28, 2010) (dismissing pro se plaintiff's claims without prejudice and denying leave to amend when plaintiff did not file a motion to amend and did not explain "how he could remedy the deficiencies in his complaint"); *cf. Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (recognizing that "pro se parties follow the same rules of procedure that govern other litigants" and the district court cannot "assume the role of advocate for the pro se litigant").

Accordingly, this portion of Defendants' objection is respectfully **SUSTAINED**. The Court respectfully **MODIFIES** Judge O'Hara's Recommendation and **DISMISSES without prejudice** Plaintiff's excessive force and failure-to-intervene claims **without leave to amend**.

III. **Unserved Defendants**

Three Defendants have not appeared in this case—Celina Garcia, Laura Mullin, and Martin Egelhoff. As Judge O'Hara observes in his Recommendation, *see* [Doc. 102 at 26–27], it is unclear whether any of these Defendants have been served in this case. Judge O'Hara recommends that the claims against Defendant Mullin and Defendant Egelhoff be dismissed with prejudice "given the clear preclusive effect of both the *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),] bar and the doctrine of absolute immunity." [Doc. 102 at 26]. Judge O'Hara also recommends that any claims against Defendant Garcia be dismissed with prejudice because "Plaintiff states no plausible cause of action against Defendant Garcia." [*Id.* at 27]. No Party objects to this portion of the Recommendation. [Doc. 104; Doc. 109].

In the absence of an objection, the Court may review a recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Absent a valid objection, the Court reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.[4] The Court finds no clear error in Judge O'Hara's recommendation to dismiss Plaintiff's claims against these Defendants. *See Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (agreeing with district court's sua sponte dismissal on absolute immunity grounds); *Roberts v. O'Bannon*, 199 F. App'x 711, 712 (10th Cir. 2006) (affirming sua sponte dismissal based on *Heck v. Humphrey*); *McKinney v. Okla. Dep't of Hum. Servs.*, 925 F.2d 363, 365 (10th Cir. 1991) ("[A] sua sponte

---

[4] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than de novo review, Fed. R. Civ. P. 72(b).

dismissal under Rule 12(b)(6) is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged . . . and allowing him an opportunity to amend his complaint would be futile." (cleaned up)).  However, the Court finds that a dismissal under *Heck* or based on absolute immunity should be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996) ("When a § 1983 claim is dismissed under *Heck*, the dismissal should be without prejudice."); *Mostafa v. Garland*, No. 20-cv-00694-PAB-SKC, 2024 WL 37977, at *13 (D. Colo. Jan. 3, 2024) (dismissing claims based on absolute immunity without prejudice); *but see Moore v. Williams*, 23 F. App'x 889, 891 (10th Cir. 2001) (affirming dismissal of claims based on absolute immunity *with* prejudice).

Accordingly, the Court respectfully **MODIFIES** Judge O'Hara's Recommendation and **DISMISSES without prejudice** Plaintiff's claims against Defendants Garcia, Mullin, and Egelhoff.

## CONCLUSION

For the reasons set forth in this Order, it is **ORDERED** that:

(1)   Plaintiff's objections [Doc. 109] are **OVERRULED**;

(2)   Defendants' Rule 72(b)(2) Objection to Magistrate Judge's Recommendation [Doc. 104] is **SUSTAINED in part** and **OVERRULED in part**;

(3)   The Recommendation of United States Magistrate Judge Timothy P. O'Hara [Doc. 102] is **ADOPTED as MODIFIED**;

(4)   Defendant Warren's Motion to Dismiss as to Plaintiff's Amended Complaint [Doc. 83] is **GRANTED**;

(5)   The Motion to Dismiss Plaintiff's Amended Complaint [Doc. 84] is

14

   **GRANTED**;

(6) Plaintiff's Fourteenth Amendment excessive force and failure-to-intervene claims are **DISMISSED without prejudice**;

(7) Plaintiff's claims against Defendants Garcia, Egelhoff, and Mullin are **DISMISSED without prejudice**;

(8) Plaintiff's remaining claims against the served Defendants are **DISMISSED with prejudice**, including

   a. Any claim brought under the Fourth Amendment;

   b. Any claim based on Colo. Rev. Stat. § 18-1-707;

   c. Any failure-to-train or failure-to-supervise claim;

   d. Any official capacity claims or implied claims against the City and County of Denver; and

   e. Any claim brought under the Eighth Amendment;

(9) Plaintiff's Motion for Status Conference/Motion to Depose all Defendants [Doc. 105] is respectfully **DENIED as moot**;

(10) The Clerk of Court is **DIRECTED** to terminate this case; and

(11) The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff at:

   Gary Baldwin, #193046
   Bent County Correctional Facility (BCCF)
   11560 Road FF75
   Las Animas, CO 81054-9573

DATED: September 26, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge